# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

JOSEPH GREGORY CLARK
et al.,

     PLAINTIFFS,

vs.                                                                  CASE NO. CV 06-J-1125-NE

CULLMAN SAVINGS BANK,
et al.,

     DEFENDANTS.

## MEMORANDUM OPINION

The defendants filed a joint notice of removal (doc. 1), which this court has considered *sua sponte*. The defendants removed this action from the Circuit Court of Cullman County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1331. Notice of Removal, ¶ 13. Defendants state that because defendant Cullman Savings Bank ("CSB") is chartered as a "Federal Mutual Savings Bank," many of its duties, responsibilities and liabilities are governed by 12 U.S.C. §§ 1461-1470, and specifically 12 U.S.C. § 1464. Notice of Removal, ¶ 7. The Office of Thrift Savings was given authority to promulgate regulations and orders with which Federal Savings Associations such as defendant CSB must comply. *See* 12 C.F.R. Parts 500-599. Defendants assert that because plaintiffs claims arise out of the manner in which CSB operated in relation to the plaintiffs and their accounts at the bank, the plaintiffs

claims "arise under" federal law. The defendants allege this is particularly true for plaintiffs' claims for breach of fiduciary duties.

The complaint in this case asserts that each of the plaintiffs have one or more accounts at defendant CSB. Complaint, ¶ 23. The individual defendants are all members of the Board of Directors for CSB. Complaint, ¶¶ 13-17. Because CSB is a federal mutual savings association, every account holder is a member of the association and permitted to cast one vote in the annual members meeting for each $100.00 of the withdrawal value of the member's account. Complaint, ¶ 20, 22.

Plaintiffs Joseph Gregory Clark, Cathleen Clark, Patrick H. Clark, Mary T. Clark, Marcus R. Clark and Francesca Clark received letters from CSB stating that all of their accounts with CSB would be closed on Thursday, June 8, 2006. Complaint, ¶¶ 28, 32, 36. *See also* exhibits A-C to the complaint. Plaintiffs assert that defendants threatened to close all of the plaintiffs' accounts to an attempt to manipulate voting at the annual meeting and to prevent plaintiffs from serving as members of the Board of Directors. Complaint, ¶¶ 37. Plaintiffs also assert that the defendants are trying to prevent the plaintiffs from communicating with other members of CSB, in violation of 12 C.F.R. Part 544.[1] Complaint, ¶ 37. The plaintiffs

---

[1] Pursuant to 12 C.F.R. § 544.8, "A member of a Federal mutual savings association has the right to communicate, as prescribed in paragraph (b) of this section, with other members of the Federal savings association regarding any matter related to the Federal savings association's

state claims for breach of fiduciary duty (Count III), minority oppression (Count IV), breach of duty by the Board of Directors (Count V), shareholder derivative claims (Count VI) and harassment and intentional infliction of emotional distress (Count VII).[2]

In order for this court to exercise jurisdiction, this must be a case over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. The only possible basis for the court to have jurisdiction under 28 U.S.C. § 1331 is for some claim in the plaintiffs' complaint to "aris[e] under the Constitution, laws, treaties of the United States." 28 U.S.C. § 1331.

Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed.2d 1214 (1941). All doubts about jurisdiction should be resolved in favor of remand to state court. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). The burden of establishing federal jurisdiction is placed upon the party seeking removal. *Wilson v.*

---

affairs, except for "improper" communications, as defined in paragraph (c) of this section. The association may not defeat that right by redeeming a savings member's savings account in the Federal mutual savings association."

[2] Count I of the complaint seeks a temporary restraining order and Count II of the complaint seeks preliminary and permanent injunctive relief. The parties informed the court at the time of removal that they had reached an informal agreement on these counts. Therefore, the court does not consider Count I or Count II for purposes of this opinion.

*Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Not every allegation of federal law is proof that federal question jurisdiction exists. *Gully v. First National Bank in Meridian*, 299 U.S. 109, 115, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Rather, federal jurisdiction is established through use of the well-pleaded complaint rule. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S.1, 10-11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). In order for a case to be removable, the cause of action which makes the cause removable must be revealed "on the face" of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A suit arises under the Constitution and laws of the United States only when the plaintiffs' statement of their own causes of action show that those claims are based in those laws or that Constitution. *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003). "As a general rule ... a case will not be removable if the complaint does not affirmatively allege a federal claim." *Id*.

Removal jurisdiction may not be sustained simply because a plaintiff could have asserted a federal claim instead of or in addition to the state claim advanced. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986). *See also Jairath v. Dyer*, 154 F.3d 1280,

1283 (11th Cir.1998) ("The instant case is closely analogous to *Merrell Dow*. There, the Supreme Court found no federal-question jurisdiction where a state law cause of action incorporated as an element proof of the violation of a federal duty ... but where there was no private cause of action with respect to the federal duty"); *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 818 (4th Cir.2004) ("Therefore, although Dixon's complaint does reference the First Amendment, none of its causes of action rely exclusively on a First Amendment violation to establish Coburg's liability [under state law]"). The Eleventh Circuit has expressed a clear preference for remand where federal jurisdiction is not absolutely clear. *See e.g. Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

Having considered the defendant's claim that this action "arises under" federal law, the court finds that, under the facts of this case, the plaintiff's state law claims do not "really and substantially involve [] a dispute or controversy respecting the validity, construction or effect of [federal] law." *Dunlap v. G &L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir.2004); citing *Mobil Oil Corp. v. Coastal Petroleum Co.*, 671 F.2d 419, 422 (11th Cir.1982). Rather, the plaintiffs have brought a variety of state law claims. No federal question is discernable from the plaintiffs' complaint and the defendants do not point to any specific statute or regulation which creates a federal cause of action for the wrongdoings alleged by plaintiffs.

Defendants assert that because CSB must comply with 12 U.S.C. §§ 1461-1470 and regulations promulgated thereunder, the plaintiffs claims must "arise under" federal law.[3] Specifically, defendants cite to 12 C.F.R. §§ 545.2 and 550.136. Notice of Removal, ¶¶ 9-10.  In spite of the lack of any federal question in the plaintiffs' complaint, the defendants argue that regulation of federal savings associations is an area where state law has been completely preempted based on these two regulations, which state as follows:

> The regulations in this Part 545 are promulgated pursuant to the plenary and exclusive authority of the Office to regulate all aspects of the operations of Federal savings associations, as set forth in section 5(a) of the Act. This exercise of the Office's authority is preemptive of any state law purporting to address the subject of the operations of a Federal savings association.

12 C.F.R. § 545.2.  12 C.F.R. § 550.136 states:

> (a) Occupation of field. To enhance safety and soundness and to enable Federal savings associations to conduct their fiduciary activities in accordance with the best practices of thrift institutions in the United States (by efficiently delivering fiduciary services to the public free from undue regulatory duplication and burden), OTS occupies the field of the regulation of the fiduciary activities of Federal savings associations. In so doing, OTS intends to give Federal savings associations maximum flexibility to exercise their fiduciary powers in accordance with a uniform scheme of Federal regulation. Accordingly, Federal savings associations may exercise fiduciary powers as authorized under Federal law, including this part, without regard to State laws that purport to regulate or otherwise affect their fiduciary activities, except to the extent

---

[3]These statutes are collectively referred to as the "Home Owners' Loan Act ("HOLA").

>provided in 12 U.S.C. 1464(n) (State laws regarding scope of fiduciary powers, access to examination reports regarding trust activities, deposits of securities, oaths and affidavits, and capital) or in paragraph (c) of this section. For purposes of this section, "State law" includes any State statute, regulation, ruling, order, or judicial decision.

12 C.F.R. § 550.136.

Even given the language of these two regulations, no preemption of claims such as the plaintiffs was intended. The latter regulation continues as follows:

>(c) State laws that are not preempted. State laws of the following types are not preempted to the extent that they only incidentally affect the fiduciary operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section:
>(1) Contract and commercial law;
>(2) Real property law;
>(3) Tort law;
>(4) Criminal law;
>(5) Probate law; and
>(6) Any other law that OTS, upon review, finds:
>>(i) Furthers a vital State interest; and
>>(ii) Either has only an incidental effect on fiduciary operations or is not otherwise contrary to the purposes expressed in paragraph (a) of this section.

12 C.F.R. § 550.135. The court finds regulations such as this one contradict a claim of complete preemption.[4] Rather, explicit on the face of the regulation relied on by defendant is that the areas of state law specifically raised by plaintiffs' complaint are

---

[4]To date, the Supreme Court has identified only three statutes that completely preempt related state-law claims: (1) § 301 of the Labor Management Relations Act, 29 U.S.C. § 185; (2) § 1132 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C § 21 et seq. *Dunlap v. G &L Holding Group, Inc.*, 381 F.3d 1285, 1291 (11th Cir.2004).

not preempted.[5] *See also* 12 C.F.R. § 560.2 (expressly stating that certain state laws "are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent" with the regulation); . *See e.g., Beard v. Aurora Loan Services*, 2006 WL 1350286 (S.D.Tex.2006) ("Aurora has failed to show that HOLA contains a private, civil enforcement provision applicable to the facts alleged in Plaintiff's petition .... In fact, courts have consistently noted that HOLA generally does *not* allow for such private suits.").[6]

The court finds that the claims of the plaintiffs' complaint do not provide a basis for federal question jurisdiction.  The court is of the opinion that any federal

---

[5]Other federal regulations accompanying HOLA cannot form the basis for a private right of action. *See Casas v. American Airlines, Inc.* 304 F.3d 517, 520 (5th Cir.2002) (quoting *Alexander v. Sandoval,* 532 U.S. 275, 291 (2001) ("language in a regulation [cannot] conjure up a private cause of action that has not been authorized by Congress")).

[6]The court in Beard cited the following cases in support of this conclusion: *Taylor v. Citizens Fed. Sav. & Loan Ass'n*, 846 F.2d 1320, 1323-24 (11th Cir.1988) (finding "no express language or other evidence of congressional intent to provide a private right of action" under HOLA); *Burns Intern., Inc. v. Western Sav. & Loan Ass'n,* 978 F.2d 533, 535 (9th Cir.1992) (finding no private federal cause of action for violation of HOLA); *Reschini v. First Fed. Sav. & Loan Ass'n of Indiana,* 46 F.3d 246, 255 (3d Cir.1995) (plaintiff "has not identified any provision of HOLA or the National Housing Act that indicates congressional intent to create, either expressly or by implication, a private cause of action. Our own examination has been no more fruitful"); *Korfhage v. Great Financial Corp.*, 127 F.3d 1102, 1997 WL 671717 at *1 (6th Cir. Oct. 24, 1997) (Table decision) (dismissing, as without jurisdiction, an action filed pursuant to HOLA, noting that the "act did not provide jurisdiction to consider" such a claim).

question which arguably may appear in plaintiffs' complaint is insufficient to create jurisdiction in this court. Therefore, the court shall remand this case to the Circuit Court of Cullman County, Alabama, by separate order.

**DONE** and **ORDERED** this the 14th day of June, 2006.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE